IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HENRY LEE MOODY, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 18-00021-KD-B |
| | ) | |
| **PHYSICIANS MUTUAL INSURANCE COMPANY and PHYSICIANS LIFE INSURANCE COMPANY,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| **HENRY LEE MOODY, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 17-00168-KD-B |
| | ) | |
| **PHYSICIANS MUTUAL INSURANCE COMPANY,** | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the Motion to Consolidate filed by Defendants Physicians Mutual Insurance Company and Physicians Life Insurance Company, the response filed by Plaintiff Henry Lee Moody, Jr., and Defendants' reply in Civil Action No. 18-0021-KD-B (docs. 4, 10, 12) and the Motion to Continue Trial Setting[1] and to Consolidate Case filed by Defendant Physicians Mutual Insurance Company in *Moody v. Physicians Mutual Insurance Company,* Civil Action No. 17-00168-KD-B (S.D. Ala. 2017) (doc. 42). Defendants move pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, which states as follows:

---

[1] This motion will be addressed by separate order.

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) Join for hearing or trial any or all matters at issue in the actions;
> (2) Consolidate the actions; or
> (3) Issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

With respect to Rule 42(a), the Court of Appeals for the Eleventh Circuit has explained that

> … Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A trial court's decision to consolidate suits is discretionary. *Id*.
>
> When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

*Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 16-11622, 2018 WL 1151253, at *6-7 (11th Cir. Mar. 5, 2018).

As an initial consideration, the Court finds that the two civil actions involve common questions of law or fact as required by Fed. R. Civ. P. 42(a). Both actions arise from the denial of benefits under a life insurance policy purchased by the deceased Yolanda Moody, which names the Plaintiff as the beneficiary.

The Court further finds that factors one, three, four and five all weigh in favor of consolidation, and that factor two is neutral. A risk of prejudice and the risk of inconsistent verdicts exists by virtue of separate actions wherein the Plaintiff alleges substantially the same facts and raises substantially the same claims against the Defendants. Additionally, allowing a

separate action involving the same Defendant and same claims as alleged in Civil Action No. 17-00168-KD-B, would create a burden on the parties and the court, and extend the length of time and expense to resolve the claims now before the Court.

Upon consideration, and for the reasons set forth herein, the motions to consolidate are GRANTED and Civil Action No. 18-00021-KD-B is consolidated with the first-filed *Moody v. Physicians Mutual Insurance Company*, Civil Action No. 17-00168-KD-B (S.D. Ala. 2017), and the action shall proceed under Civil Action No. 17-00168-KD-B.  To effectuate consolidation, the Clerk is directed to extract documents 1 through 7 and 9 through 14 in Civil Action No. 18-00021-KD-B,[2] make those documents part of Civil Action No. 17-00168-KD-B, and close Civil Action No. 18-00021-KD-B. The parties are directed to file all future documents in Civil Action No. 17-00168-KD-B.

DONE and ORDERED this the 20th day of March 2018.

                                                  s/ Kristi K. DuBose
                                                  KRISTI K. DuBOSE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2]  The parties are relieved from the requirements of the Preliminary Scheduling Order in Civil Action No. 18-00021-KD-B  (doc. 8).